LEIGH M. CLARK, Retired Circuit Judge.
This case originated in a complaint filed in the Municipal Court of the City of Montgomery in which appellant had been found guilty on a complaint charging him with driving, or having actual control of a vehicle, while there was 0.10 percent or more by weight of alcohol in his blood. When the case was reached for trial in the Circuit Court, defendant entered a plea of guilty and the trial court adjudged him guilty of driving under the influence of intoxicating drink and fined him $500.00 and costs and sentenced him to imprisonment in the county jail for one year and suspended such sentence and placed him on supervised probation for one year.
The complaint filed by the City of Montgomery and executed by an attorney for the City, alleged the following:
“Barry Kiplan Cruce, whose name is otherwise unknown to the affiant, did, on or about May 31, 1986, at approximately 11:05 p.m., drive or did have actual control of any vehicle while there was 0.10 *853 percent or more by weight of alcohol in his blood, to-wit: Officer T.J. Von Hollen of the Montgomery Police Department, while on his way home, observed a vehicle sitting in the middle of Slash Pine Drive with the engine running. Officer Von Hollen did not see anyone in the vehicle, at this point he got off of his motorcycle and walked to the vehicle. Upon looking in the vehicle, he observed Barry Kiplan Cruce passed out behind the steering wheel with the engine running. The officer woke him and asked him to step out of the vehicle. When he exited the vehicle a strong odor of an alcoholic beverage was detected on or about his person. He was placed under arrest and read his rights. He was then given a field sobriety test, finger-to-nose which he failed. He could not perform the walking test without support. He was transported to police headquarters by Officers Benefield and White, where he was administered a Intoxilyzer 5000 Test by Officer Von Hollen. The results were .21 percent; In violation of Chapter 1, Section 9 of the Code of the City of Montgomery, Alabama, 1980; Ref Title 32-58-191(a), Code of Alabama, 1975; contrary to the provisions of a valid existing ordinance of the City of Montgomery, duly adopted and ordained by the City Council of said City, prior to the commission of said act or acts, and prescribing the punishment for violations thereof.”
On page 76 of the record before the Circuit Court, we find that on October 9, 1986, “The defendant in open court entered a plea of guilty to the charge of “DUI” and that:
“Before accepting the defendant’s plea of guilty, the court proceeded to ascertain if the plea of guilty was intelligently and voluntarily made and also the defendant understood (1) the privilege against self-incrimination; (2) the right to trial by a jury; (3) the right to be confronted by his accusers; (4) that he fully understood what the plea connoted, including the nature of the charge and acts sufficient to constitute the offense; and (5) the consequences of the plea, including the range of the sentence and being satisfied that the foregoing was fully and intelligently understood by the defendant and that this plea of guilty was freely and voluntarily made, the court proceeded with the hearing.
“It is therefore considered and adjudged by the court that the defendant is guilty of DUI.”
We further find in the record that on October 17, 1986, there were received in the office of the Circuit Court of Montgomery County, Alabama, two motions signed by the attorney for defendant, one captioned “Motion to Dismiss” and one styled . “Motion to Strike,” and that thereafter, on November 14, 1986, the court entered a judgment and sentence of “offense — DUI,” providing as follows:
“This day came the City by its Prosecutor and came also the defendant in his own proper person and by his attorney, Honorable Kenneth Hemphill, and it appearing to the Court that the said defendant was duly convicted of said offense on the former day of this time and the said defendant being asked by the court if he had anything to say why the sentence of law should not now be pronounced upon him, says nothing in bar or preclusion of sentence. It is therefore considered and adjudged by the court and it is the judgment and sentence of the court that the said defendant be sentenced to the Montgomery County Jail for a term of ONE YEAR, and the sentence is suspended and defendant placed on probation for a period of one year with the following conditions: Attend Carehouse Out-Patient Program; pay court costs on or before January 15, 1987; Fined $500.00 to be paid on or before January 81, 1987; follow all general conditions of probation and lawful instructions of the probation officer.”
It is to be seen from what we have quoted above from the record in this case, as well as from the court reporter’s transcript of the proceedings in the Circuit Court of Montgomery County, that there is considerable inconsistency between the record before us and that which is claimed *854 by the briefs of the attorneys and that no genuine issue is presented for this Court to decide. Under these circumstances, the judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All Judges concur.